## Case No. 9,601.

MILLICK et al. v. PETERSON.

[2 Wash. C. C. 31.] [1]

Circuit Court, D. Pennsylvania. April Term, 1807.

PRINCIPAL AND AGENT—DECLARATIONS OF AGENT —EVIDENCE—POLICY OF INSURANCE—PAYMENT.

1. The declarations of an agent for the defendant, by whose orders the plaintiffs had made insurance for the benefit of the defendant, were not admitted to prove the liability of the defendant for the premium.

2. The policy of insurance. without other proof of the payment of the premium, is not evidence of its payment.

This was an action on the case, to recover a premium of insurance paid by plaintiffs [Millick & Burger] for defendant [Peterson] on a policy effected on the Phoenix, the property of defendant, in an insurance office at New-York. The order for insurance was given by W. Wiseman, without mentioning the defendant; and the policy stated W. Wiseman as the person insured. Evidence was given to prove that Wiseman acted as the agent of the defendant, in ordering the insurance. Wiseman sent to the plaintiff his note for the premium, as usual, payable in twelve months; but before the note became due, Wiseman failed. The plaintiff, understanding that the insurance was made for the defendant, procured from Wiseman the defendant's letter, ordering him to have it effected; and got him to add on the foot of it, the order he had given to the plaintiff. A witness was examined, who stated sundry conversations he had had

1 [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

with Wiseman respecting this business; and was about stating that Wiseman told him the defendant would pay the debt.

THE COURT thought this improper evidence. Wiseman was the defendant's agent only to effect the policy. His declarations that defendant would pay, are not evidence in the cause. It was proved by a witness, that it is the constant custom to retain the policy until the premium is paid, or a note with a good endorser given, and then it is delivered out.

Mr. Hallowell, for plaintiff, argued to the jury, that the printed acknowledgment in the policy that the premium was paid, is prima facie evidence of the fact. This, together with the circumstance of the plaintiff's being in possession of the policy which he could not be unless he had paid the premium, is sufficient to establish the fact.

THE COURT expressed an opinion, that better evidence could be given of the payment of the premium. That inferior evidence ought not to be left to the jury, when it appeared that there existed better in the power of the plaintiff. If he has paid the note he gave for the premium, he ought to produce it, or prove it to have been paid by other evidence. But on recommendation of the court, a juror was withdrawn.

NOTE. The insurer may recover the premium. notwithstanding the formal receipt in the policy. which is not inserted as conclusive evidence. but to preclude the necessity of proving it in case of loss. 1 Marsh. Ins. 240.