## CALVIN FRENCH *vs.* JAMES SMITH and JAMES SMITH, Jr.

A plaintiff will in no case be compelled, for the insufficiency of his evidence, to become nonsuited on trial.

In an action for malicious prosecution, the question of probable cause is sometimes wholly a question of law, but more frequently a mixed question of law and fact.

To constitute probable cause in such a case, the facts and circumstances, on which the defendant proceeded, must have afforded him a reasonable ground to believe the plaintiff guilty of the offence charged. And statements made to the defendant by third persons, if they have an important bearing on the question of guilt, and appear to be entitled to credit, are to be reckoned among such facts and circumstances.

It is a sufficient cause for granting a new trial, that one of the jurors, previous to the trial, had formed and expressed an opinion on the merits of the cause, in favor of the party who succeeded.

This was trespass on the case for a malicious prosecution. By the report of the trial, which was had before the Supreme Court, at their June term for this county, in A. D. 1825, the case, so far as there is occasion to state it, appeared to be in substance as follows:—In A. D. 1816, the defendant, *James Smith, jr.*, taught a school in the neighborhood of the plaintiff's father, at which the plaintiff attended as a scholar. Said defendant owned a yellow boxwood scale, of the description called *Gunter's* scale, which he kept in the school house for purposes of instruction. An unfriendly feeling existed between the defendants and the family of Mr. French, the plaintiff's father, which soon excited a spirit of hostility against the teacher and his school. In this spirit the plaintiff participated. While the difficulty continued, the school house was secretly entered in the night time, and various acts of mischief were committed upon the house and furniture, with the apparent intention of breaking up the school : from which time the scale disappeared.

[*] See note to the case of *Giddings* vs. *Munson, ante p.* 308.

Windsor,
February,
1827.

French
vs.
Smith et al.

About four years afterwards two or three persons informed the defendants, that they had seen the plaintiff in possession of a scale very nearly resembling this, and one of them intimated his belief that it was the same. And it being known that the party who committed the mischief at the school house, as aforesaid, included some of Mr. French's family, the defendants thereupon preferred a complaint against the plaintiff, in consequence of which he was arrested on a charge of having stolen said scale. Being brought to trial before a justice of the peace, he proved that he had honestly purchased the scale which had been seen in his possession, and which was of a different colour from the one alleged to have been stolen ; and produced evidence tending to prove the destruction of the yellow scale, as part of the mischief committed in the school house. He was therefore acquitted. In the trial of this action it further appeared, that at the time of the plaintiff's arrest, and before he was brought to trial, the defendant, *James Smith, jr.* saw and examined the brown scale in the plaintiff's possession, and that the other defendant also saw it in the course of that trial. But this showing was accompanied by evidence, that on such examination of the brown scale, a person present pointed out certain obscure ink-spots upon it corresponding with those said to have been on the one lost, and suggested his suspicions that it had been stained.

The plaintiff having adduced evidence tending to show express malice in the defendants, and having rested his case, the defendants moved for a nonsuit, on the ground that the plaintiff had failed to show a want of probable cause for the prosecution. This motion was overruled by the court, and the trial proceeded.

In the course of their charge to the jury, the court advanced the following proposition, to which the defendants excepted :—
" That every man who prosecutes on the strength of the story of another, which, if true, would furnish probable cause, runs the hazard of the story proving false or unfounded ; for it is not law, that falsehood and error can be moulded into a justification through the intervention of another." The jury returned a verdict for the plaintiff.

The defendants moved for a new trial, because one of the jurors had, at a previous term of the court, formed and expressed an opinion on the merits of the cause, which was in accordance with the verdict. This motion was supported by the affidavits of two witnesses, swearing to declarations of the juror expressive of a strong opinion in favor of the plaintiff, and by the affidavits of

the defendants, showing their ignorance of the fact until after the trial. On the other side the affidavit of the juror was produced, in which he denied having formed such previous opinion, or having uttered the declarations imputed to him.

WINDSOR,
*February,*
1827.

French
*vs.*
Smith et al.

The defendants also insisted on their right to require a nonsuit, for the cause assigned at the trial, and moved to have the verdict set aside and a nonsuit entered. Upon these motions, and the exception to the charge, the cause was now heard.

After argument, the opinion of the Court was delivered to the following effect, by

ROYCE, J.—In this case two principal questions are presented : 1st. Whether the verdict should be set aside and a nonsuit entered ; and 2nd. Whether a new trial should be granted, either for a misdirection to the jury in point of law, or for the matter disclosed in relation to one of the jurors..

The motion for a nonsuit necessarily supposes the question of probable cause, in this kind of action, to be solely a question of law, for the decision of the Court. And it is so, when it depends wholly on the evidence of records, or written documents, as also when there is no conflict of evidence, nor ground of dispute as to the facts proved.—1 *Wils.* 232 ; *Bray.* 152. But in general, if the evidence relating to this question rests in parol testimony, and especially if there is such evidence on both sides, it then becomes a mixed proposition of law and fact. Whether the circumstances relied on to show the cause for prosecuting to have been probable, or not probable, are true and existed, is a matter of fact for the jury to find ; but whether, supposing them true, they amount to a probable cause, is a question of law for the Court.—1 *T. R.* 545. And in a case where there is confessedly no evidence tending to negative the existence of probable cause, the court should of course decide that the plaintiff has failed, in a point essential to his right of recovery. There is no occasion to determine, whether in this instance the want of probable cause was sufficiently shown, or whether the evidence was of a character for the court to pronounce upon, since we are of opinion, upon more general grounds, that the motion ought not to prevail.

The alleged right of the court to order a nonsuit on trial, is to be distinguished from the practice of entering up judgement, *as in case of a nonsuit,* which in England has its origin in the statute of 14 *Geo.* 2, *c.* 17, and in this state is commonly founded on the general rules or special orders of the court, as in case of ordering bail, and the like ; because, in all cases of the latter description,

WINDSOR,
*February,*
1827.

French
*vs.*
Smith et al

there is no doubt but the court is to act without reference to the will of the party. But a nonsuit, in its legal and appropriate sense, imports a voluntary act of the plaintiff, in withdrawing his appearance to the suit; and notwithstanding the very frequent mention, in the English books, of nonsuits said to be directed on trial, we are not satisfied, that the courts of that country have ever asserted the right of enforcing a nonsuit, while the plaintiff insisted on proceeding to a verdict.—1 *Sellon's P.* 464; 2 *Tidd's P.* 798; 2 *T. R.* 281.* Much less do we find, what appears to have been often decided in New-York, that at common law the refusal to order a nonsuit was ever considered such a denial of right to the defendant, that a writ of error would lie to correct it. If, however, the subject were to be regarded in the light of mere practice, and as not concluded by authority, still the course contended for could not be generally beneficial, except under a system of jurisprudence which regularly admits but one trial in a cause. In this state, where the right of review is given by statute, a nonsuit should not be ordered at the first trial, as the plaintiff may be able to supply the defects in his first proofs; nor at the last, because public policy will then require that the controversy should be ended.

From that portion of the charge which has been certified to us, in connexion with the particular clause excepted to, it is evident that the instructions to the jury were directed, with much precision and perspicuity, to all the different features of the case, and that the rules of law usually applied to the action were correctly stated. And if in the end, those instructions were duly observed and followed by the jury, there is no ground to question their verdict. But as the proposition to which exception is taken may have had a decisive influence in the case, it becomes necessary to notice it. The principle advanced goes to exclude all information received from others, if it turns out to be false or unfounded, from furnishing, or aiding to furnish, probable cause for instituting a prosecution. This we cannot admit. It must be sufficient if the party has a reasonable ground of belief at the time of acting. In a previous part of the charge, the court had defined probable cause to be " an honest belief, founded on the existence of such facts as will warrant an unprejudiced mind in the conclusion, that the person accused is guilty of the crime with which he is charged." And in order to reconcile this definition with the subsequent doctrine, it is necessary to hold, that statements made to the prosecutor, with whatever appearance of sincerity and truth,

*See to the same effect 6 *Pick.* 118 ; 3 *Greenl.* 97.—*Reporter.*

Windsor,
February,
1827.

French
vs.
Smith et al.

are not to be reckoned among the facts on which his belief may be formed. But this would be to exclude the common and principal foundation of belief, and to require little less than absolute knowledge.

The position on which I have commented may be thought to derive support from the case of *Hewlett* vs. *Crutchley*, 5 *Taunt*. 277. It was there decided, that the opinion of counsel, to whom the prosecutor had submitted a statement of the transaction, and who advised the prosecution, did not furnish a probable cause. But the case discloses the most conclusive evidence of express malice, and shows the prosecutor to have been all the time conscious that the plaintiff was perfectly innocent. The court moreover place much stress upon the fact, that the case laid before the counsel was false or overstated. In connexion, however, with this case, it is proper to notice that of *Snow* vs. *Allen*, 1 *Stark*. C. 502. That was case for maliciously suing out execution and arresting the plaintiff, after his bail had been taken in execution for the same debt. Previous to the arrest, the defendant's attorney was cautioned not to proceed ; but relying on *Higgins*' case, *Cro. J.* 320, and the opinion of a special pleader, he persisted in his course, and the plaintiff was committed to prison. *Ld. Ellenborough*, says,—" How can it be contended here, that the defendant acted *maliciously?* he acted *ignorantly.*" Again he says,—" He was acting under what he thought was good advice, and unless you can show that he was actuated by some purposed malice, the plaintiff cannot recover."

The doctrine of the charge would be less objectionable, if limited to those cases where express malice in the prosecutor is clearly proved ; and perhaps it was advanced in this instance with intended reference to such cases alone. But even this would require a distinction which seems not to have been hitherto recognized. For it is laid down in *Johnston* vs. *Sutton*, 1 *T. R.* 545, a case which was much considered, that—" a man, from a malicious motive, may take up a prosecution for real guilt, or he may, from circumstances which he really believes, proceed upon apparent guilt ; and in neither case is he liable to this kind of action."

It is settled in this Court, that the matter alleged in relation to the juror, if established by due proof, is a sufficient cause for granting a new trial.—*Deming* and *Wellman* vs. *S.* and *E. Hurlburt*, 2 *Chip*. 45 ; *Brownell* and *Danforth* vs. *Reynolds*, decided in Bennington county on the present circuit. And notwithstanding the denial of the juror, we think the allegation is supported by

WINDSOR,
February,
1827.

French
vs.
Smith et al.

the affidavits. He must be supposed to have misrecollected, of which there is the greater probability, since he admits having held conversations respecting the suit. ~ On this ground, therefore, and for a misdirection to the jury, a

New trial is granted.

*Hutchinson & Hubbard,* for plaintiff.
*C. Marsh,* for defendants.