HON. MILO L. BENNETT, 
HON. LUKE P. POLAND, 
HON. ASA O. ALDIS, } ASSISTANT JUDGES.
HON. JOHN PIERPOINT, 
HON. JAMES BARRETT, 

---

## ASA T. BARRON *v.* GEORGE MASON.

### *Malicious prosecution.  Evidence.*

In an action for a malicious prosecution, both want of probable cause and malice must concur, to render the prosecutor liable; and it is therefore competent for the defendant to introduce any evidence which tends to show probable cause, or the absence of malice on his part.

Therefore, in an action for a malicious prosecution against the plaintiff for obtaining money by false pretences as damages for the alleged infringement of a patent right, it is competent for the defendant to show, that the plaintiff about the same time received money from other persons for alleged infringements of the same patent, claiming them to be such, but knowing that they were not; and that this had come to the defendant's knowledge before the commencement of the prosecution; such evidence having a tendency to show both probable cause and the want of malice.

It is also competent, in such an action, for the defendant to show, for the purpose of proving probable cause. and the want of malice, that the plaintiff was at the time of the prosecution generally reputed to be guilty of similar extortions.

*Quere*—Is not the fact, that the plaintiff was generally reputed to be guilty of the *particular* offence charged, competent evidence to show probable cause? REDFIELD, Ch. J.

Probable cause for a prosecution is only such a state of facts and circumstances, as would lead a careful and conscientious man to believe the respondent guilty of the crime charged.

In cases where the guilt or innocence of an act depends upon the motive, the conduct and declarations of the party, as to other similar transactions about the same time, are always admissible to prove actual guilt; and *a fortiori* to show probable cause for a prosecution.

Though malice is a *prima facie* inference from the proof of the want of probable cause; still this inference may always be rebutted by evidence showing, that the prosecutor acted in good faith, and without malice, though not with what the law would term probable cause.

The question of the existence of probable cause, the facts and circumstances being settled by the jury, or admitted, is a question of law for the court; but the question of malice is solely for the jury.

CASE for a malicious prosecution against the plaintiff for obtaining money under false pretences from Roswell Hunt, for the alleged infringement by him of a patent for a water wheel, known as Parker's water wheel. Plea, the general issue, and trial by jury, at the May Term, 1857, of the Windsor County Court,—UNDERWOOD, J., presiding.

The plaintiff gave in evidence a duly certified copy of the complaint, and the proceedings thereon, in the prosecution against him, described in the declaration; also the letters patent of Parker's water wheel, an assignment thereof from the patentee to Z. Parker, and a power of attorney from Z. Parker to Putnam &

Roberts, authorizing them to demand and collect damages for all infringements of that patent in the State of Vermont, which power of attorney, it appeared, was executed in pursuance of a purchase, by Putnam & Roberts from Z. Parker, of all such claims for damages in this State. It further appeared that soon after this purchase the plaintiff became owner of one-third of these claims for damages by a contract with Putnam & Roberts; that soon afterwards, the plaintiff and Putnam & Roberts employed a lawyer and a deputy U. S. Marshall of the District of Vermont, to aid them in collecting said damages, and that for this purpose all five of them traversed different portions of the State in company, compromising claims for damages with some individuals, and suing others; that in the course of their travels they visited Orleans County, and claimed and received damages of Roswell Hunt, named in the complaint above mentioned, for an alleged infringement of the Parker patent. The plaintiff also gave evidence tending to show that these damages were rightfully claimed of Hunt; that the defendant aided in getting up the complaint, and that he acted therein maliciously and without probable cause.

The defendant gave evidence tending to show that long before the complaint was made he had been informed, and when it was made, that he believed, that the Parker patent was a nullity; that the plaintiff, and those connected with him, had no right to claim damages of Hunt, or of others, and that this was well known to them; that the plaintiff, in several instances, claimed and received damages of individuals for using wheels which were no infringement of the Parker patent; that the plaintiff knew that they were no infringement of that patent, but claimed that they were; and that these facts were communicated to the defendant before the complaint was made.

The defendant also offered in evidence the deposition of A. J. Rowell, which was objected to by the plaintiff, and excluded by the court as having no bearing upon the question of probable cause for the prosecution of the plaintiff. The material portion of this deposition was as follows:

"A. Judson Rowell deposes that two years ago last winter, previous to the time that Barron and Putnam were arrested and brought to Troy for trial, there was considerable excitement in

this county, with regard to the money which they had collected of people through the county for infringements upon a patent for a water wheel; and the opinion was quite prevalent that they were swindling the people out of the funds they were collecting; and I think I heard it frequently remarked that they ought to be prosecuted. The same opinion I heard expressed in other counties also, as well as in this. I refer to the men who were arrested and had their trial in Troy, upon a complaint of Roswell Hunt for obtaining money under false pretences. This excitement was, I think, prevalent before the defendant, Mason, came to Troy. I do not know as he had anything to do with producing the excitement. Nearly every one whom I heard speak of Barron and Putnam, both in this and other counties, called them swindlers."

To the exclusion of this deposition by the court the defendant excepted.

The court, among other things, charged the jury, that if they should find from the evidence that the plaintiff claimed that wheels, used by other persons than Hunt, were an infringement of the Parker patent, when he knew they were not, and that he claimed and received damages for the use of such wheels, and that this had come to the knowledge of the defendant before the prosecution, yet, these facts would have no tendency to show probable cause, and that the only effect, they could have, would be to mitigate the damages in case the jury found for the plaintiff.

To this charge the defendant excepted.

*Peck & Colby*, for the defendant.

1. The fact that the defendant was informed that the plaintiff claimed damages of individuals for an alleged infringement of the patent, when he knew the claim was unfounded, tended to rebut the presumption of malice, and to show probable cause, and the jury should have been so instructed; 3 Esp. Cas. 236; *Boynton* v. *Kellogg*, 3 Mass. 192; *French* v. *Smith*, 4 Vt. 366; 2 Stark. Ev. 366, n. 1; 2 Greenleaf's Ev. § 454.

2. Rowell's deposition should have been admitted. It tended to prove that the plaintiff was reputed in the county to be guilty of obtaining money by false pretences. This was admissible to rebut malice. At all events, it was admissible in mitigation of dama-

ges. In an action of slander, the defendant may prove in miti-
gation of damages that the plaintiff was reputed guilty of the
same kind of offences, with which he was charged by the defend-
ant. Is there any distinction in principle between the two cases?
*Bowen* v. *Hall*, 20 Vt. 232; *Rodriguez* v. *Tadmire*, 2 Esp. 721;
2 Phillip's Ev. 115.

*P. T. Washburn*, for the plaintiff.

1. The deposition of Rowell tended only to prove, that the
plaintiff was generally suspected to be guilty of the offence which
was charged against him.

*a.* This testimony was inadmissible upon the question of prob-
able cause; *Brainard* v. *Brackett*, 33 Maine 580; *Newsam* v.
*Carr*, 2 Starkie 69. The want of probable cause can only be
negated by proof of *facts*, which existed, or were believed to
exist. All the definitions of probable cause require this; *Foshay*
v. *Ferguson*, 2 Denio 619; *Hall* v. *Suydam*, 6 Barbour 86;
*Bacon* v. *Towne*, 4 Cush. 238.

*b.* Probable cause can only result from facts or circumstances
existing with reference to the very offence charged. That the
party may have committed other offences, of the same or similar
character, has no legal tendency to prove him guilty of the
offence charged; and as the public opinion, testified to by Row-
ell, could only have originated from the belief that such other
crimes had been committed, and had no reference to the crime
actually charged, it was, for this reason, inadmissible.

*c.* Even if the testimony amounted to proof of the plaintiff's
general bad character, it would only be admissible in mitigation
of damages; *Bowen* v. *Hall*, 20 Vt. 232; but it does not amount
to that, even, and therefore was inadmissible for any purpose;
*Wolcott* v. *Hall*, 6 Mass. 514; *Matson* v. *Buck*, 5 Cow. 499;
*Inman* v. *Foster*, 8 Wend. 608. But the testimony was not offered
in mitigation of damages, but only in justification.

*d.* But the deposition does not show, and the defendant did not
offer to prove, that he was aware of this public opinion; and,
without such knowledge, his conduct could not have been thereby
influenced; 2 Greenl. Ev. 433, 435; *Delegal* v. *Highley*, 3 Bing.
n. c. 950; *Foshay* v. *Ferguson*, 2 Denio 619; *French* v. *Smith*, 4

14

Vt. 363; *Turner* v. *Ambler*, 10 Ad. & El. N. S. (59 E. C. L.) 252.

2. The verdict has established the fact, that the plaintiff was not guilty of the particular offence with which he was charged in the prosecution instituted by the defendant. But the defendant sought to justify that prosecution by proof that the plaintiff had been guilty of other offences not then in issue. The charge of the court, excluding that testimony as not having any bearing upon the question of probable cause, was correct. That a person has been guilty of one offence, has no legal tendency to prove him guilty of another. It is of the same class of testimony with that of public opinion, or general suspicion, and perhaps more clearly illustrates the mischief which would arise from admitting that species of evidence; *Reed* v. *Taylor*, 4 Taunt. 615; *Delisser* v. *Towne*, 1 Ad. & El. N. S. 331; *Ellis* v. *Abrahams*, 8 Ad. & El. N. S. 709; *Newsam* v. *Carr*, 2 Stark. 69; *Gregory* v. *Thomas*, 2 Bibb 286.

REDFIELD, Ch. J. The questions discussed in this case seem chiefly to center in this:

Is the fact that the plaintiff had, by false pretences, extorted money from other persons, about the same time, for alleged infringements of the same patent, and that this had come to the defendant's knowledge before the prosecution, incompetent evidence to go to the jury in this case, except upon the question of damages? For this is the substance of the decision below upon this point.

The books upon this point all concur in saying that the plaintiff must prove (and of course the defendant may disprove) both want of probable cause and malice. And it is the duty of the court to instruct the jury fully and correctly upon the whole case, as the testimony tends to show the facts.

If it be admitted that testimony that the plaintiff had been guilty of other similar offences, or that he was reputed guilty, and that this had come to the knowledge of the defendant before he instituted the prosecution, has no legal tendency to show either probable cause or want of malice in ordinary cases, such as larceny; it must also be admitted, we think, that in that class of offences where the gist of the crime consists in the bad purpose with which an act otherwise innocent is done, this kind of testi-

mony is admissible, even upon the question of actual guilt, and much more upon that of probable cause. For probable cause is not to be confounded with actual guilt. Probable cause is only such a state of facts and circumstances as would lead a careful and conscientious man to beleive that the plaintiff was guilty. This can only require that the defendant, upon prudent and careful inquiry, shall find the reputed or declared existence of such facts as indicate guilt, with reasonable certainty. Mere general reputation will not alone constitute probable cause. For a prudent man, in instituting an important criminal prosecution, would ordinarily look farther, and inquire for testimony. But this he might fairly believe existed short of being told so by the witnesses themselves. It is not often the case, perhaps, that the public prosecuting officers, before making complaint, have opportunity to converse personally with the witnesses. But they should know something more than a mere vague general report of guilt. They should have information with such directness and certainty, as to gain credit with prudent men, of the existence and susceptibility of proof of such facts as show guilt; or which the defendant, upon proper advice, supposed would constitute guilt. This is the fair result of the decided cases, and of common experience upon the subject.

Now in the class of cases referred to, where the guilt or innocence of the act depends upon the motive, the conduct and declarations of the party, as to other similar transactions about the same time, are always admissible to prove actual guilt. As for instance, in cases of passing, or having in possession with intent to pass, counterfeit coin or bills, it is familiar law that the prosecutor may give in evidence other similar offences committed by the accused about the same time, for the purpose of showing his intent in the particular transaction. So also in cases of embezzlement, and some other similar offences. And this rule would no doubt extend to the proof of the very facts, which the court in this case told the jury had no other effect but to mitigate damages. It is noticeable here that the principal facts in the other cases alluded to must be identical with those in the case of Hunt. The patent claimed to be infringed was the same, the mode of procedure and the settlement the same; the bad faith the same,

All that was requisite to make the proof in the other cases apply with certainty, to the fullest extent, to the case of Hunt, was to show his wheel the same as in the other cases. But without this proof, which was not offered here, the fact of the plaintiff having repeatedly about the same time, for a false and pretended infringement of the same patent, taken money or other thing of other persons, was the most convincing evidence to show the purpose and intention with which he did the same acts in the case of Hunt. We think, therefore, that these facts having come to the knowledge of the defendant before the institution of the prosecution, did tend very directly to show probable cause, and that the jury should have been so instructed. This same kind of evidence was admitted and acted upon, without objection or doubt, in a case of theft, in *Foshay* v. *Ferguson*, 2 Denio 617; *Munns* v. *Dupont*, 3 Wash. C. C. 37.

And upon the question of malice there can be no doubt but that this evidence (and that of Rowell, perhaps also we shall refer to this again), would have had a very important bearing. We should infer that the court below did not regard the question of malice as directly and independently involved in the case. From what of the charge is given, the question of malice seems to have been treated as a mere inference from the proof of the want of probable cause. And so it is, *prima facie*. But nevertheless it may be disproved by a great variety of proof of a much lower grade than that which is requisite to show probable cause. For this purpose common repute, not only as to general bad character, but also as to the particular offence, may, we incline to think, be shown. For this latter is nothing less than the declaration of third parties that the plaintiff was guilty of the particular offence, which is declared admmissible in the case of *French* v. *Smith*, 4 Vt. 363. It is undeniable that the general belief of one's guilt, in regard to a particular offence, will influence to a certain extent the conduct of the most prudent prosecutor in regard to instituting proceedings. How then can it be said that it has no legitimate bearing upon the question of malice? We think it impossible to so hold, without violating the most obvious principles of human experience and human conduct; 1 Phil. Ev. 115; *Rodriguez* v. *Tadmire*, 2 Esp. Cases 720. And general bad reputation

is often a direct element in the proof of the respondent's guilt, when he offers proof of good character in exculpation.

This testimony was admitted to go to the jury upon the question of damages. But its chief, if not its only legitimate bearing upon that question, must have depended upon its tendency to rebut the inference of malice, and so far as it had any such tendency, it was, for that very reason, competent evidence upon the main issue in the case. It is said, indeed, in *Hall* v. *Suydam*, 6 Barb. 83, that good faith merely is not enough to protect the party from liability for malicious prosecution in regard to a criminal charge. But from the whole case, it is obvious that this is said wholly in regard to the proof of probable cause. For it is found in almost every book upon the subject, that if the defendant, however causelessly, did really act in good faith and without malice in preferring the charge, he can not be made liable for a malicious prosecution. The question of malice is always one of intent, and open to the jury in this class of cases. But it is not so in actions of slander. The law then implies malice, and will not allow it to be rebutted by general evidence, but only by specific proof, which the law declares a justification or excuse, as the truth of the words, or that they were spoken confidentially and upon a justifiable occasion. So too in regard to probable cause, the facts being admitted or proved without controversy, it becomes a mere question of law to be determined by the court. And for this purpose the same proof is required in all cases. It is not enough to show that the case appeared sufficient to this particular party, but it must be sufficient to induce a sober, sensible and discreet person to act upon it, or it must fail as a justification for the proceeding, upon general grounds.

But upon the question of malice the law is more tender towards the inexperience or the infirmities or the idiosyncrasies of parties. Malice is judged of with reference to the party, and whatever fairly tends to show that he acted with good faith, and without malice, must be received.

There is no necessary or even natural connection between probable cause and the want of malice. One may, and often does act with malice, when there is probable cause, or may act without malice where there is no probable cause shown, but in neither of

these cases is he liable to this action. 'Want of probable cause and malice must concur to make the party liable ; *Turner* v. *Ambler*, 10 Queen's Bench 252, DENMAN, Ch. J.

It is true, the want of probable cause need not be shown to extend to all the particulars charged. Nor is it any defence that there was probable cause for part of the prosecution ; *Ellis* v. *Abrahams*, 8 Queen's Bench 709 ; *Reed* v. *Taylor*, 4 Taunt. 615. But the importance of the questions in this case will justify a more extended examination of the cases upon the subject, and a more minute discussion of the principles involved.

The history of the common law in regard to this action is well stated in the elaborate note of Messrs. Hare & Wallace, to *Munns* v. *Dupont*, 2 Wash. C. C. 31–34 ; 1 Am. Lead. Cases 200. The law is defined in *Farmer* v. *Darling*, 4 Burrows 1971, 1974, where all the judges agree, that to maintain the action, malice (either express or implied) and the want of probable cause must concur. The case of *Johnstone* v. *Sutton*, 1 Term 510, S. C. 1 Term 493 ; 1 Brown's. P. C. 76, is also a most important and satisfactory case upon this subject, maintaining the general view above stated.

And it seems to be admitted in all the cases where the question has arisen, that proof of the want of probable cause is not sufficient alone to maintain the action, provided the defendant can satisfy the jury that in his conduct he acted in good faith, and without malice, which is much the same thing as applied to this subject. For although the word malice, in popular language, is often used to indicate anger or vindictiveness, in the law it is held to import nothing more than bad faith, and, as applied to the subject of malicious prosecution, the want of sincere belief of the plaintiff's guilt of the crime for which the prosecution was instituted.

The difference then between proof of probable cause and of malice consists chiefly in this : that probable cause has reference to the common standard of human judgment and conduct, and malice regards the mind and judgment of the defendant, in the particular act charged, as a malicious prosecution.

If the defendant can show that he had probable cause for his conduct, that is, that from such information as would induce a

reasonable and prudent man to believe the plaintiff guilty of a crime, he instituted the prosecution, he is not liable, whatever may have been his own personal malice for setting it on foot. Probable cause in this sense, is a defence to the action, without regard to motive.  To this point, he must show that he was told or knew of the existence of specific facts, which either would constitute crime, or which, upon competent advice, he supposed would constitute crime; *French* v. *Smith, supra.*

But if the party fail in showing such ground of action as would have induced prudent and careful men to have believed in the plaintiff's guilt, and to have instituted the prosecution, he may nevertheless, if he choose, show that in fact, he did act upon what he at the time regarded as good cause, either from common report or remote circumstances, such as excited suspicions in his mind to the extent of creating belief of guilt, although short of probable cause.

If this were not so, then want of probable cause and malice would be equivalent terms, which the cases show they are not. The only distinction which can be supposed to exist in regard to them is, that one is general and the other is particular; one has reference to the common standard, and the other to the mind and motive of the defendant.  But how can that mind be reached without receiving proof of every fact which existed, and which may be presumed to have influenced the conduct of the defendant? If the subject were *res integra*, I should certainly regard common repute, both of the plaintiff's general bad character, and of his being guilty of the particular offence, good evidence of probable cause.  Upon principle it should so be held.  But in regard to common report of guilt of the particular offence, we are not prepared to say the decisions justify us in regarding it as evidence of probable cause.

General reputation of guilt, in regard to the particular offence, may be no sufficient ground, in itself alone, for instituting proceedings against one in regard to criminal offences.  But in doubtful cases, where the testimony is conflicting, and especially where it is expected to be drawn from those in the confidence or under the influence of the party accused, and where consequently there is difficulty of learning the full extent of testimony which can be

obtained, until the witnesses are put upon giving testimony, and where of course a preliminary inquiry is often justified partly upon suspicion, and as an experiment, it is no doubt undeniable that the general belief in the guilt of the accused in regard to the particular offence, will influence almost any one in deciding upon the propriety of instituting the prosecution. It is therefore upon principle, I think, admissible as part of the ground constituting probable cause, and is, as we have before said, in point of character equivalent to hearsay, or the declarations of third persons in regard to the guilt of the plaintiff, which seems to be admitted everywhere in this class of cases; *French* v. *Smith, supra*; *Bacon* v. *Towne*, 6 Cush. 217. In this last case a new trial was awarded, among others, upon the ground that testimony was rejected at the trial, that some third party informed a fourth party of his knowledge of a fact tending to show the plaintiff guilty of the offence for which he was prosecuted, and requested this to be communicated to the defendant, which was done before the prosecution was instituted. This seems to us quite as remote and rather less reliable as a ground of instituting criminal proceedings, than that of common reputation and belief.

But notwithstanding the satisfactory basis upon which the proposition seems to rest, that this evidence of common reputation, in regard to the particular offence, is, upon general principles, admissible, among other things, to show probable cause even, and especially to rebut the inference of malice in the defendant, the decisions do not show that such proof has been received or offered. This may have resulted from two reasons: that the same kind of evidence is obtainable by showing the general bad reputation of the plaintiff at the time of the prosecution; and also, that we do not always distinguish between the class of proof which is admissible in this action, when the issue is in regard to suspicion of guilt and probable cause to believe one guilty, and proof of the very fact of guilt. The general rule undoubtedly is, that general reputation of guilt in regard to a particular offence, is not admissible to prove the fact of guilt, and never unless it be upon the question of damages in regard to reputation in ordinary actions. Hence it is natural to throw this case of actions for malicious prosecution into the general class. These two

grounds may account for this kind of proof not having been offered. Prudent counsel do not often desire to offer testimony in one form when its admissibility is questionable, if there is a safe ground upon which it is clearly admissible. It may not, therefore, be important to decide this point here, since it is really involved in the next point. But if it were necessary, we must certainly hold the proof admissible.

This brings us to the question of the admissibility of evidence of the general reputation of the plaintiff, at the time of instituting the prosecution, in regard to whether he would be easily induced into the commission of any similar offence, for this is the view in which character has any proper bearing in regard to crime. If the offence is one of outrage and violence, whether the accused is commonly reputed a peaceable, quiet and orderly behaved citizen, or a noisy, boisterous and quarrelsome one. And if on the other hand, the offence is one involving fraud, collusion, dishonesty and secret practices, whether the man is of a fair, frank, honest and outspoken character, or the contrary. Some of the cases go to exclude all evidence of this kind; *Newsam* v. *Carr*, 2 Stark. Cases 69.

But it seems to us there can be no doubt that to this extent, it is admissible upon the strictest principles, and for the purpose of showing probable cause. It is precisely that kind of proof which the accused might show in his own defence, and its absence must weigh more or less against him in regard to the very offence for which the prosecution was instituted. To say then that a prosecutor, in calculating the reasonable and probable grounds of instituting a prosecution for crime, is not to take into account one of the very elements of the defence, and in one event, of the prosecution also, is simply absurd. It is a proposition admitting of no question whatever, and which could never have been made a question, had its proper application to the subject, in the view just alluded to, been fully appreciated. And the decided cases, notwithstanding some exceptional ones, fully sustain this view. In the elaborate case of *Bacon* v. *Towne*, 4 Cush. 217, this subject is discussed by Chief Justice SHAW, and the same conclusion arrived at which we here adopt, citing *Rodriguez* v. *Tadmire*, 2

Esp. 721; *Wood* v. *United States*, 6 Pet. 342, 366; 2 Greenl. Ev. § 458. That it is evidence to rebut malice is beyond all doubt, if the party can show that he believed it.

That the English courts regard the question of malice as a distinct question, and in issue in every case of this kind tried upon the general issue, or which may always be put in issue by the defendant, the cases abundantly prove. In *Williams* v. *Taylor*, 6 Bing. 183, TINDAL, Ch. J., said, " what shall amount to such a combination of malice and want of probable cause, is so much matter of fact in each individual case, as to render it impossible to lay down any general rule upon the subject; but there ought to be enough to satisfy a reasonable man that the accuser had no ground for proceeding but his own desire to injure the accused." In *Mitchell* v. *Jenkins*, 5 B. & Ad. 588, DENMAN, Ch. J. said, " it is still incumbent upon the plaintiff to allege and prove malice, *as an independent fact*. They [the jury] however, are to decide, as matter of fact, whether there be malice or not." PARKE, J. said the defendant is excused, if " acting *bona fide* under a wrong notion of the law, and pursuant to legal advice." PATTERSON, J. said, " and the jury [are to decide] that there is malice." And in *Mitchell* v. *Williams*, 11 M. &. W. 205, PARKE, B. said, that in the absence of reasonable or probable cause, " that may throw the burden of proof on the defendant that *he believed there was*."

The text writers lay it down as settled practice upon this point, that the question of malice in the defendant's mind in doing the act is a distinct issue in the action, and whatever tends to prove or disprove it, is competent to be received; 2 Greenl. Ev. § 453.

Under the foregoing rule of requiring the distinct finding of the jury upon the question of malice, and granting a new trial, because this question was withdrawn from the consideration of the jury, when there was confessedly no just cause shown for instituting the prosecution, as was done in *Mitchell* v. *Jenkins, supra;* it seems to us impossible to maintain that good faith in the defendant is not a sufficient justification. It is not always equivalent to probable cause; one may act in good faith and not from any reasonable or probable cause. But how one can be

said to act from malice in the lowest sense of the term, and at the same time act in good faith, is certainly not easy of comprehension.

To illustrate the point more fully. One may have an idiosyncrasy or a delusion, whereby he believes in the advice of his minister or schoolmaster upon legal matters, or in the changes of the moon, or the flight of birds, in regard to secret facts and the hidden purposes of others, or in mesmerism, or spiritualism, and by some of these means may sincerely believe he has detected the guilt of the plaintiff, and the mode of proving it, and in all good faith may have acted upon this fallacy in instituting the prosecution. Here is certainly no *probable cause* for the prosecution. But can the party be found guilty of instituting the prosecution from motives of malice ? certainly not, if words are to have their ordinary signification.

Any defence, in actions of this kind, based upon the want of common comprehension and sagacity in the party offering it, will not be likely often to occur in court. Men do not like to stultify themselves, and for a long time, in the history of the common law, were not allowed to do so, even to avoid contracts made in a state of mental alienation. But the rule is now otherwise. And although insanity ordinarily is no defence against actions for torts, it must be, we think, in regard to torts of this class, where the liability consists in the motive of the act. If this view be correct, it is competent for the party to show facts which operated upon him, in order to establish good faith, even although they would not have produced the same effect upon all minds, or the majority even.

Judgment reversed and the case remanded.

NOTE by REDFIELD, Ch. J. One can scarce object to the old rule of the common law, in regard to this action, as laid down in Buller's N. P. 14, citing 10 Mod. 208, HOLT, Ch. J.; 12 Mod. 217. PARKER, Ch. J.; " The action ought not to be maintained without rank and express malice and iniquity. The grounds of it are on the plaintiff's side, innocence, on the defendant's, malice." This rule has been softened in later times, but not reversed or abolished..