## ORIN W. BEACH *vs.* JOSHUA W. BEMIS.

In an action for deceit in the sale of a horse, the defendant may prove a conversation which occurred at the time when he himself bought the horse between him and the person from whom he bought it and derived all his knowledge of it.

TORT for deceit in the sale of a horse. The answer denied deceit. At the trial in the superior court, before *Pitman,* J., the defendant, in reply to the plaintiff's case, testified that he purchased the horse of Oakes A. Dixon the day before he sold it to the plaintiff, and that all he knew of the horse was what Dixon told him. The defendant and two other witnesses were then allowed, against the plaintiff's objection, to testify to the substance of the conversation between the defendant and Dixon at the time the defendant bought the horse, and at which the plaintiff was not present. Dixon was not called as a witness.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*A. M. Copeland*, for the plaintiff.

*E. B. Gillett & H. B. Stevens*, for the defendant.

AMES, J.   As the *scienter* was directly in issue, the defendant had a right, in answer to the case made against him, to testify that he had no knowledge of the existence of the alleged unsoundness or faults of the horse.   But a mere general disclaimer of such knowledge would not of itself answer the purpose of a full defence, inasmuch as a false representation, recklessly made, without any knowledge, information or grounds of belief, would not differ in its legal effect from an assertion known to be false. It was therefore material to him to show what information he had on the subject, and to satisfy the jury that he might reasonably, and that he did in fact, believe it to be true.   If he had made representations which proved not to be true, the only way in which he could show affirmatively that they were honestly made would be by showing the particulars of the information that he had received, the manner and circumstances of its communication, and its effect on his own mind.   The evidence offered was therefore undoubtedly competent.   Its credibility and effect were for the jury to determine.                              *Exceptions overruled.*