CARLETON v. TAYLOR.

*Fraudulent Procurement of Adjudication of Bankruptcy.*
*Rev. Sts. U. S., s. 5024. Evidence.*
*Burden of Proof. Costs.*

In trespass for false imprisonment and case for fraudulently procuring an adjudication of bankruptcy against plaintiff, whereby plaintiff's property was seized, and his person arrested and committed to jail, it appeared that upon petition to the court of bankruptcy by defendant who was then a creditor of plaintiff, wherein defendant alleged, *inter alia,* that he feared plaintiff would, upon service of the order to show cause, immediately leave the district, and put himself beyond the reach of the court, the court issued a warrant for plaintiff's arrest, reciting that there was reason to believe that the alleged bankrupt was about to leave the state. *Held,* that the court had jurisdiction of the process ; that the issuing of the warrant was an adjudication that it appeared agreeably to s. 5024, Rev. Sts. U. S., that there was probable cause for believing that the bankrupt was about to leave the state ; and that there was therein no defect in the proceedings whereby the warrant was avoided.

*Held* also, it appearing that there was abuse of process in the manner of the service of the warrant, in that plaintiff was arrested and committed to jail with undue haste, without the allowance of time for the procurement of bail, &c., that the officer, if any one, and not the defendant, was liable therefor.

*Held* also, it appearing that at the time the petition for the warrant was made and filed, defendant had no good reason to believe or fear that plaintiff would leave the district, that whether a finding of that fact was equivalent to a finding of the want of probable cause or not, the action, as for a malicious prosecution, could not be maintained without proof of malice.

*Held,* also, that the burden of proving the illegality of process, the want of probable cause, and the existence of malice, was on the plaintiff.

Trespass *de bonis,* joined with trespass for false imprisonment, and case for fraudulent procurement of an adjudication of bankruptcy against the plaintiff. The case was referred. There was no question on the referees' report but that plaintiff should recover on the first count ; but with reference to the other counts the report was drawn in the alternative for a larger and a smaller sum. The County Court rendered judgment, *pro forma,* on the report for plaintiff for the larger sum. On exceptions by defendant the court reversed the judgment, and rendered judgment for the smaller sum. *Held,* that defendant, having prevailed on his exceptions, was entitled to costs in the Supreme Court as matter of right, and to costs incurred in litigating that part of the case on which he had prevailed ; and that the referees' fees should be apportioned on the same ratio.

TRESPASS, with a count in case. The first count alleged the taking of wood and lumber of the value of $6. The second alleged an assault, and an unlawful imprisonment in Chittenden

Carleton *v.* Taylor.

County jail. The third alleged a fraudulent procurement from the United States District Court for the District of Vermont of an adjudication of bankruptcy against the plaintiff, whereby his property was seized, and his person arrested and committed to jail. The case was referred, and the referees reported in substance as follows:

As to the first count we find that the defendant is guilty in manner and form as alleged, and we assess the damages by reason thereof at the sum of $2. As to the matters in the second and third counts, we find that on January 21, 1874, the plaintiff purchased of the defendant a certain farm and certain personal property consisting of the stock, farming tools, &c., thereon, for the sum of $6,500, for which he gave his notes, and that on the same day said property was duly conveyed to the plaintiff, and a mortgage on said farm executed to the defendant by the plaintiff to secure $6,400 of said sum, it being agreed that the remaining $100 should be paid in produce. We further find that in May, 1875, there was due and unpaid of said sum, including interest, about $600; that on May 14, 1875, the plaintiff, for the purpose of placing his property beyond the reach of his creditors and especially the defendant, conveyed said farm, subject to said mortgage, to one Denison Densmore, and sold and delivered to him and another his personal property, and also conveyed his interest in another farm to his mother; that the defendant was thereby fully warranted in believing that the plaintiff had committed an act of bankruptcy within the meaning of the bankrupt laws of the United States; that the defendant thereupon, on May 25, 1875, as creditor of the plaintiff, filed his petition in the clerk's office of the United States District Court for the District of Vermont, praying that the plaintiff be adjudged a bankrupt, and on the same day filed his petition for a warrant of arrest of the plaintiff; that thereupon, on the same day, such warrant was issued by said District Court; that such proceedings were had in said court on such petitions, that on July 6, 1875, the plaintiff was by said court adjudged a bankrupt within the meaning of the bankrupt laws of the United States. We further find that previous to the filing of said petitions, the plaintiff had cut

Carleton v. Taylor.

and carried away from said home farm a large amount of wood, timber, and bark, of the value of $250, and in so doing committed waste; that at the time of making and filing said petition for a warrant of arrest, the defendant had not good reason to believe or fear, as therein alleged, that the plaintiff would, upon service of the order to show cause upon said bankrupt petition, immediately leave the district and put himself beyond the reach of said court; that the United States marshal for the district of Vermont, to whom said warrant was directed, served the same on the plaintiff on the day it was issued, by arresting his body and carrying him to Burlington, in the County of Chittenden, and there placing him in the common jail, in the custody of the keeper thereof; that in the manner of the service of said warrant there was an abuse of process, in that the plaintiff was so arrested and taken to Burlington with undue haste, without giving the plaintiff time to communicate with his friends to procure bail, and was there placed in the common jail, and there kept and subjected to ignominious treatment until the next morning, when he was liberated by order of said court, upon his furnishing bail to the satisfaction of said court; that the defendant procured said warrant to be issued as aforesaid by making and filing his said petition therefor. If in the opinion of the court the plaintiff is entitled to recover under the second and third counts upon the facts herein set forth, then we assess his damages under said counts at the sum of $500. We therefore find for the plaintiff to recover said sum of $2, and said further sum of $500, subject to the opinion of the court as aforesaid, and his costs.

The petition for an adjudication of bankruptcy in substance alleged an indebtedness upon the plaintiff's said notes of about $5,900; that by reason of waste committed by the plaintiff, the mortgage security therefor had become insufficient by about $2,000; that there was about $600 due to the defendant, and unpaid; that within six months before the bringing of the petition, the plaintiff committed an act of bankruptcy by selling, transferring, and conveying while bankrupt and insolvent, and in contemplation of bankruptcy and insolvency, all of his property to

his mother, to one George Grover, and to one Denison Densmore, with the fraudulent intent and purpose of thereby preventing the same from being taken upon attachment by his creditors. The petition for a warrant alleged that the plaintiff had given out in speeches to the defendant that he had received the sum of $800, besides a large sum in negotiable paper, which was beyond the reach of the defendant and other creditors, and that the plaintiff then wished the defendant to compromise his claim against him. The petition proceeded further as follows : " And your petitioner fears that said Carleton will upon service of the order to show cause upon said bankrupt petition immediately leave the district and put himself beyond the reach of this court." The warrant issued thereon recited that there was reason to believe that the bankrupt was about to leave the state.

The court, at the March Term, 1877, REDFIELD, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff for the larger sum ; to which the defendant excepted.

*S. C. Shurtleff* and *C. F. Clough*, for the defendant.

The case having been referred, the defendant has the right to interpose any defence that could be made under any state of the pleadings, and ·may recover, if the facts found by the referees warrant it, under any possible declaration. *Eddy* v. *Sprague*, 10 Vt. 216 ; *Fulton* v. *Wiley*, 32 Vt. 762 ; *Cook* v. *Carpenter &* *Cook*, 34 Vt. 121 ; *Carter* v. *Howard*, 39 Vt. 106.

What is the cause of action ? Is it trespass, or abuse of process, a malicious arrest, or malicious prosecution ? It is not trespass, for the defendant did not touch the plaintiff, nor arrest him, nor order him arrested. He had nothing to do with the manner of the service of the warrant, and gave no directions as to how it should be served. He only asked to have the law put in motion. For that trespass will not lie, the process being regular, and the subject-matter within the jurisdiction of the court. 1 Chit. Pl. 184, 185 ; 1 Wms. Saund. 228, and cases cited ; *Elsee* v. *Smith*, 1 D. & R. 97. Nor abuse of process. It does not appear that the defendant commenced proceedings for any collateral purpose, for extortion, or for anything that could not have been accom-

plished thereby legally. *Driggs* v. *Burton*, 44 Vt. 124. See also *Grainger* v. *Hill*, 4 Bing. N. C. 212; *Prough* v. *Entriken*, 11 Penn. 81; *Wakefield* v. *Fairmount*, 41 Vt. 339; *Humphrey* v. *Douglass*, 11 Vt. 22. Nor was it a malicious arrest or a malicious prosecution. Neither malice nor want of probable cause has been found; nor do the referees find facts from which malice must necessarily be implied. *Driggs* v. *Burton*, 44 Vt. 124.

Section 5024, Rev. Sts. U. S., reads as follows: "And if it " shall appear that there is probable cause for believing that the " debtor is about to leave the district, or to remove, or conceal his " goods and chattels, or his evidence of property, the court may " issue a warrant," etc. Under that statute the court should decide as to whether there was probable cause for believing. And to whose discretion is the question addressed? It is the court, and its decision would be final. *Ex Parte Kellogg*, 6 Vt. 509; *Kelley* v. *Paris*, 10 Vt. 261; *Ross* v. *Fuller*, 12 Vt. 265. Section 76, c. 33, Gen. Sts., is different in that thereunder the authority signing the writ has no discretion. *Parkhurst* v. *Pearson*, 30 Vt. 705; *Admr. of Whitcomb* v. *Cook*, 39 Vt. 588; *Phillips* v. *Wood*, 31 Vt. 322.

*Gleason & Field* and *E. F. Palmer*, for the plaintiff.

The finding of the referees is conclusive upon all questions of fact, and upon all questions of law, except such as they may have therein submitted to the court upon the facts found. *White* v. *White, exr.* 21 Vt. 250; *Riley* v. *Noyes*, 44 Vt. 455. The report submits the question of law whether the plaintiff is entitled to recover upon the second and third counts upon the facts found. If he is, then the plaintiff is to have judgment for the damages sustained.

The plaintiff is entitled to recover upon the second count for *false imprisonment;* for the warrant of arrest was issued on a petition alleging only that the petitioner feared that the bankrupt would leave the district, and put himself beyond the reach of the court. That was not a compliance with the law requiring a showing of probable cause for believing. Rev. Sts. U. S. s. 5024; Bump Bankr. 39; *Aiken* v. *Richardson*, 15 Vt. 500; *Adams* v.

*Whitcomb,* 46 Vt. 708 ; *Grumon* v. *Raymond,* 1 Conn. 46 ; 1 Swift Dig. 494 ; Const. U. S. Art. 4, amendments ; *Emery* v. *Hapgood,* 7 Gray, 55 ; *Cody* v. *Adams,* 7 Gray 59. Besides, the petition was false. The referees found that the defendant had not good reason to believe or fear that the plaintiff would immediately leave the district and put himself beyond the reach of the court. *Brackett* v. *Eastman,* 17 Wend. 32.

The report finds that defendant had no probable cause for believing that the plaintiff would immediately leave the district. It therefore appears that the defendant had no probable cause for procuring the warrant of arrest. *Driggs* v. *Burton,* 44 Vt. 135 ; *Barron* v. *Mason,* 31 Vt. 189 ; *Sonneborn* v. *Stewart,* 2 Wood, 599 ; *Stone* v. *Crocker,* 24 Pick. 81.

The burden was on the defendant, to show that the arrest and imprisonment were in accordance with the provisions of law, and for probable cause. Both of these facts are found against him, and either is sufficient to sustain the action. *Cotton* v. *James,* 1 Moody & M. 273 ; *Cooper* v. *Wakley,* 3 C. & P. 470 ; 3 Phil. Ev. 645.

The defects in the petition for arrest and the want of affidavit, were not cured by the issuing of the warrant for arrest. There was no adjudication any more than on the issuing of a capias on the filing of an affidavit, or of a search warrant on the filing of the complaint or petition therefor. It was a proceeding *in invitum* and *ex parte,* and the party invoking or putting in motion these proceedings should have seen to it that he complied with the law. *Sonneborn* v. *Stewart,* 2 Wood, 599 ; Bigelow Estop. 46, *et seq.;* 25 Conn. 180 ; 41 Penn. St. 42.

The report in terms finds the abuse of process alleged in the third count. Besides, the order was to bring forthwith before the court. Instead of complying with that order, the plaintiff was thrust into jail and kept there twenty hours, " subjected to ignominious treatment." *Prough* v. *Entriken,* 11 Penn. 81 ; 2 Greenl. Ev. 452 ; *Granger* v. *Hill,* 4 Bing. N. C. 212.

There is no question as to costs submitted by the referees. The court will not disturb the finding on that subject.

The opinion of the court was delivered by

REDFIELD, J.   This action is trespass for alleged wrongs to the plaintiff's person and property, with a count in case for fraudulently procuring the District Court of the United States to adjudge him a bankrupt, and thereby procuring his property to be seized, and his person arrested and committed to jail.   The facts come to us on the referees' report, and questions of law arising therefrom are submitted.

The plaintiff claims that defendant is liable as for a *malicious prosecution*, in procuring the plaintiff to be adjudged a bankrupt, and the proceedings thereon resulting in the seizure of his property, and the arrest and imprisonment of his body.   The report states that the plaintiff was indebted to the defendant, and that he had sold and conveyed his property "for the purpose of placing it beyond the reach of his creditors, especially the defendant," and that " the defendant was thereby fully warranted in believing that the plaintiff had committed an act of bankruptcy within the meaning of the bankrupt laws of the United States."   There can be no good reason, then, to question the good faith of the defendant or the validity of the proceedings resulting in the adjudication that plaintiff was a bankrupt under the law of Congress.

The plaintiff insists that the warrant from the District Court for the arrest of the plaintiff was void, and his arrest and imprisonment a trespass.   The defendant filed in the District Court an affidavit, stating, among other things, that he "*fears* that said Carleton will, upon service of the order to show cause upon said bankrupt petition, immediately leave the district, and put himself beyond the reach of this court."   The report also states that defendant procured said warrant to be issued as aforesaid, " by making and filing his said petition ;" and further, " that in the manner of service of said warrant, there was an abuse of process in that the plaintiff was so arrested and committed to jail with *undue haste*, without giving plaintiff time to communicate with his friends to procure bail, and was committed to jail, and there kept, and subjected to ignominous treatment until the next morning," &c.   If the warrant was legal, and the defendant not answerable for putting the proceedings in motion maliciously and

without probable cause, he could not be liable for any wrong of the officers of the law in the " *manner* of service," for he had no control of that matter. An officer may so abuse process put into his hands for service, that the law would take from him its protection ; but he cannot shuffle the consequences of his wrongs upon an innocent party.

The bankrupt law provides that " if it shall appear that there is probable cause for believing that the debtor is about to leave the district, or to remove or conceal his goods and chattels, or his evidences of property, or to make any fraudulent conveyance or disposition thereof, the court may serve a warrant," &c. Sec. 5024. It will be seen that the warrant may issue if it shall appear that there is probable cause for believing either of several facts named in the statute. The petition stated that the plaintiff had conveyed away his property, and obtained money and promissory notes therefor, and had given out in speeches that said money and notes are beyond the reach of his creditors, and that he "*fears* that the plaintiff will, on the service of the notice to show cause, immediately leave the district." The warrant recited all the fraudulent acts named in the petition, and stated that there was reason to believe that said bankrupt was about to leave State.·

The court is authorized to issue a warrant for arrest, " if it shall appear that there is probable cause for believing," &c. To whom shall it appear ? Obviously to the court. The law does not require the creditor to file his affidavit, though such is, doubtless, the general practice. The court acts with or without evidence ; and the fact that the court issued the warrant is an adjudication that " it appears " that there is " probable cause to believe." That court is not one of inferior and limited jurisdiction, but of general and, upon this subject, exclusive jurisdiction, and its judgments cannot be collaterally impeached.

It is a well-settled rule of law, that where the court had no *jurisdiction of the process*, it is nugatory and void, and all persons acting under it are without protection. Such are the cases arising under our and kindred statutes, exempting the person of debtors from arrest in suits upon contract. The exemption is the

general law, but a *proviso* allows the arrest of a *class* of persons, under certain prescribed conditions which are *conditions precedent*. If process issues against one not of the class named, or without compliance with the prescribed condition, it issues without warrant of law, and the court have no jurisdiction of the process. *Aiken* v. *Richardson*, 15 Vt. 500. The case of *Grumon* v. *Raymond*, 1 Conn. 39, is a well-reasoned case by REEVE, C. J. That was a general search-warrant without the required affidavit, and the court say : " It is no uncommon thing, where there is a court of limited jurisdiction, that their jurisdiction depends upon the existence of certain things ; and everything done by the court where these are wanting, is *coram non judice ;* and the judge and officer are, in such case, liable in trespass to the person arrested," for the " court had no jurisdiction over such a process." The case of *Brackett* v. *Eastman*, 17 Wend. 32, where a person was arrested, not of the class named in the proviso to the exemption statute, is of like import. The court held that no such warrant could by law issue ; and being without warrant of law, was void. The case of *Smith* v. *Bouchier*, 2 Stra. 993, which REEVE, C. J., calls " a notable case," is of the same kind. The Vice Chancellor of Oxford had, by local custom, authority of law to issue a *capias*, on affidavit of the plaintiff that he *believed* that the defendant will not appear, but run away. The affidavit in that case was, that he *suspected*, instead of *believed ;* and the court held that the filing of the prescribed affidavit was a condition precedent to the issuing of the *capias*, and that the Vice Chancellor had no legal authority to issue the warrant, and therefore had no *jurisdiction of the process*, and that all acts done under it were trespasses. But in this case no affidavit is prescribed nor required, but the court may issue the warrant if it appears to the court that there is probable cause for believing, &c. ; and having done so, the act is legal, though there may have been error in judgment.

II. Was this warrant and the arrest procured by the defendant, without probable cause and with malice ? The defendant states in his petition, which is sworn to, that he "*fears* that said Carleton will, upon the service of the order to show cause, imme-

diately leave the district, and put himself beyond the reach of this court." And the referees have found that at the time the same was made and filed, the defendant did not have any good reason to believe or " fear " that plaintiff would " leave the district." The plaintiff insists that the legal intendment from the facts thus stated is, that defendant acted without probable cause, and with malice. Waiving the inquiry whether the want " of any *good* reason to believe or fear," is the legal equivalent of the terms, " without probable cause," we find no statement in the record that the defendant, in what he did, was instigated by malice ; and it is well-settled law, especially in this State, that in an action for malicious prosecution, the plaintiff cannot recover without proof of both the want of probable cause and malice. That matter has been quite recently before this court in the case of *Driggs* v. *Burton*, 44 Vt. 145, and the authorities thoroughly canvassed. WHEELER, J., in that case, after carefully collating the authorities, thus states the rule of law : " Want of probable cause and malice are each essential to the cause of action, and each must be proved, and proof of neither, as a matter of law, will supply proof of the other."

Evidence of the want of probable cause may be, and often is, strong evidence of malice ; still, malice must, as an essential, substantive fact, be found. " The question of malice in the defendant's mind in doing the act, is a distinct issue in the action." REDFIELD, C. J., in *Barron* v. *Mason*, 31 Vt. 202 ; and HOLT, C. J., is reported to have said in 10 Mod. 208, that the " action ought not to be maintained without rank and express malice and iniquity." Although the common-law rule, as expressed by Lord HOLT, has been somewhat modified, still, *dishonesty* and *bad faith* must be established as the groundwork of recovery in this class of actions. The case of *Granger* v. *Hill*, 33 E. C. L. 328, decides that a *capias* used as a *threat*, to compel a person to surrender the register of his boat, which was entirely beyond the scope of the process, was an illegal act. We have been referred to *Sonneborn* v. *Stuart & Co.* 2 Wood, C. C. 599. In that case the defendants, pretending to be creditors, procured the plaintiff to be declared a bankrupt, and his property seized and business de-

stroyed. It turned out that they were not creditors of the plaintiff, and had no right to proceed against the plaintiff in the bankrupt court, and all their acts were wrongful, and the court held that the defendants must respond for all the *actual* damage their acts and proceedings had caused the plaintiff. This rule of law is, probably, well founded as applied to that case. Justice BRADLEY, sitting as Circuit Judge, in his charge to the jury, says: "A want of probable cause is *evidence* of malice." To this we entirely accede; but when he adds — "*sufficient* to sustain the action," if he means, as a rule of law, that in actions for malicious prosecution the "*sufficiency*" of evidence to prove malice is to be taken from the jury and determined by the court, his dictum is directly opposed to repeated adjudications in this state, and the well-settled rule in the courts of England. See *Barron* v. *Mason* and *Driggs* v. *Burton*, *supra*. The plaintiff claims that the defendant has the *burden of proof* upon him, not only to show a legal process, but that there was a probable cause for its issue.

In an action requiring, as Lord HOLT insists, "proof of express malice and iniquity," it would seem a strange rule in either moral or legal ethics, that the accused. must take the burden of the *negative*, and disprove the charge. We are cited to the case of *Cooper* v. *Wakley*, 3 C. & P. 470. That was an action for libel. The defendant pleaded only the truth of the words published, and thereby admitted the publication. The court held that defendant took the initiative, and the burden of proving his plea, as he had admitted on the record the publication of the libel. This is now a well-settled rule of practice, that has no analogy to the plaintiff's claim.

The defendant stated in his petition that he "*feared*" that plaintiff would escape from the State when he was made aware of the proceedings against him in bankruptcy; and he detailed certain facts, in which his apprehensions may have been based. The defendant did not act dishonestly and in bad faith, unless he *consciously* falsified in his statement; he may have "*feared*," when the referees, in now reviewing the case, see no *good reason* for it. The timid passenger often "*fears*" when the experienced mariner

sees no good reason for it. This case does not show that the defendant did not " fear " what he stated in his petition. If the adjudication of the court was not conclusive in this matter, there are not sufficient facts reported on which plaintiff can stand in this suit for malicious prosecution.

The judgment of the County Court is reversed, and judgment for the plaintiff for the smaller sum.

As to costs, the defendant, having prevailed on his exceptions, will recover cost as a matter of right in this court; and he is allowed costs that have accrued in litigating the item on which he has prevailed, and the fees of the referees will be apportioned by the clerk in the same ratio.