Hillsborough, }
  Feb. 7, 1905. }

CONNELLY *v.* BROWN.

When a statement is an essential fact evidencing the subsequent conduct of the person to whom it was addressed, it may be proved by the testimony of any one who was present when it was made, without being objectionable to the hearsay rule.

CASE, for deceit in the sale of the furniture in a boarding-house. Trial before *Peaslee*, J., at the May term, 1904, of the superior court, and verdict for the defendant.

The plaintiff's evidence tended to show that at the time of the sale the landlord was about to make changes in the premises occupied by the defendant and had given her notice to quit, and that she deceived the plaintiff by representing that the latter could continue to occupy the premises in the event of a purchase. The defence was that there had been no notice to quit, and that the landlord desired to retain his tenant. Subject to exception, witnesses testified to conversations between the defendant and the landlord, at about the time of the sale, in which the landlord urged the defendant to remain during and after the making of the repairs. The plaintiff was not present during these interviews.

*Alpheus C. Osgood*, for the plaintiff.

*John O'Neill*, for the defendant.

·BINGHAM, J.   To maintain the action, proof was required that the defendant had made a false representation of a material fact, knowing it to be false, or having no knowledge or belief as to its truth, and that the plaintiff, in ignorance of its falsity, had relied upon it and been damaged. *Springfield* v. *Drake*, 58 N. H. 19, 21; *Beach* v. *Bemis*, 107 Mass. 498, 499.

As a defence to·the action, it became important for the defendant to prove that when she made the representation she understood and believed it to be true.   A circumstance tending to prove her belief was the statement of the landlord, in which he urged her to remain as tenant.   Whether the assertion which the statement contained was true or false was immaterial; but the fact that such a statement had been made by the landlord and acted upon by the defendant was original and material evidence.   This being so, the statement could be proved by the testimony of any one who was present when it was made, without being objectionable to the hearsay rule.   *French* v. *Smith*, 4 Vt. 363, 366,·367; *Bacon* v. *Towne*, 4 Cush. 217, 238, 240; *Blanchard* v. *Child*, 7 Gray 155, 157; *Whitehead* v. *Scott*, 1 Moo. & R. 2; *Shott* v. *Strealfield*, 1 Moo. & R. 8; 1 Gr. Ev., *s.* 101; 3 Wig. Ev., *ss.* 1768, 1788, 1789.

*Exception overruled.*

All concurred.